# United States Court of Appeals
## For the Eighth Circuit

_____

No. 15-2407

_____

United States of America,

*Plaintiff - Appellee,*

v.

Daphne Lynn Keeble,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the District of South Dakota - Aberdeen

_____

Submitted: May 31, 2016
Filed: July 29, 2016
[Unpublished]

_____

Before RILEY, Chief Judge, COLLOTON and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Daphne Keeble pleaded guilty to one count of making false statements, in violation of 18 U.S.C. § 1001. At sentencing, the district court[1] imposed a two-level

---

[1]The Honorable Charles B. Kornmann, United States District Judge for the District of South Dakota.

increase for obstruction of justice when calculating Keeble's offense level under the advisory sentencing guidelines. Keeble appeals her sentence, arguing for the first time on appeal that the court erred in applying the adjustment. We conclude that there was no plain error, and we therefore affirm.

Following the death of her sister, Keeble applied to the Social Security Administration for Title II Survivor's Insurance benefits for her nephew. She also sought to serve as her nephew's representative payee. From July 2006 to July 2011, Keeble received $25,791 from the Administration. During that time, she made several false statements to the Administration to ensure that the funds were distributed to her as payee. Keeble falsely represented that her nephew was living with her and that she was spending or saving all funds on his behalf.

Keeble pleaded guilty to one count of making false statements. In a plea agreement, Keeble "agree[d] to make restitution to the . . . Administration at or before sentencing in the amount of $21,815.83." In exchange for Keeble's plea, the government moved to dismiss three other charges arising from the same set of facts.

When Keeble appeared for sentencing over five months later, she had paid only $2,000 of the required restitution. The district court continued the hearing and allowed Keeble to remain on bond so that she could acquire the funds necessary to pay the restitution. The following day, the court sent a memorandum to the parties, notifying them that it would consider a possible upward departure or variance at sentencing due to Keeble's failure to pay restitution as described in the plea agreement. The court added that Keeble's conduct "could well be a serious matter of obstruction of justice and a further attempt to defraud the government."

The parties reconvened for sentencing seven weeks later, but Keeble had paid no more restitution. Based on a finding that Keeble willfully misled the court in the plea agreement by promising to pay substantial restitution, the district court *sua*

*sponte* imposed a two-level increase for obstruction of justice pursuant to USSG § 3C1.1. The court then sentenced Keeble within the advisory guideline range to 20 months' imprisonment. Keeble now argues that the court committed procedural error by applying the obstruction adjustment.

Keeble did not object to the § 3C1.1 adjustment in the district court, so we review only for plain error. *See United States v. Pazour*, 609 F.3d 950, 952 (8th Cir. 2010) (per curiam). Keeble therefore must show that the district court committed an error that is plain, that the error affected her substantial rights, and that there would be a miscarriage of justice if the error were not corrected. *United States v. Olano*, 507 U.S. 725, 732-36 (1993). Keeble has not satisfied this standard.

The adjustment for obstruction of justice applies when the government proves by a preponderance of the evidence that "the defendant willfully obstructed . . . the administration of justice with respect to the . . . sentencing of the instant offense of conviction, and . . . the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct." USSG § 3C1.1; *United States v. O'Dell*, 204 F.3d 829, 836 (8th Cir. 2000). "Obstructive conduct can vary widely in nature, degree of planning, and seriousness." USSG § 3C1.1, comment. (n.3). To assist courts in identifying such conduct, the commentary to the guideline offers a non-exhaustive list of examples. *Id.*, comment. (n.4). One example provides that a defendant obstructs justice when she provides "materially false information to a judge." *Id.*, comment. (n.4(F)). "The act of providing materially false information to a judicial officer also includes a requirement of willful intent to deceive the fact finder." *United States v. Molina*, 172 F.3d 1048, 1058 (8th Cir. 1999).

The district court found that Keeble pleaded guilty knowing "that she did not, in fact, have the means or the possibility of the means to pay the restitution . . . and . . . that she acted willfully." The court also determined that Keeble "entered into th[e] plea agreement with the intent to mislead the Court as to what she was going to

-3-

do." There was no obvious error in these findings. The record shows that Keeble had a positive monthly cash flow of only $213, that her only asset was a vehicle worth $3,800, and that she had what the court described as a "miserable" credit history. She paid only $2,000 restitution in the seven months after she entered the plea agreement. It was reasonable for the court to find on this record that Keeble willfully misled the court by making a promise to pay $21,815.83 while knowing that she would not follow through.

There was also a basis to find that Keeble's promise was material. As part of the plea agreement, the government agreed to move for dismissal of three counts against Keeble and to recommend a reduction in her offense level for acceptance of responsibility. The agreement would not take effect unless the court accepted it. *See* Fed. R. Crim. P. 11(c). Keeble's promise in the plea agreement to make substantial restitution is a statement that, if believed, would tend to influence or affect the court's decision to approve the agreement. It was therefore not plain error for the court to conclude that Keeble's statement was material. *See* USSG § 3C1.1, comment. (n.6).

Keeble complains that the government failed to present evidence in support of the adjustment, but the record already included the information necessary to support the court's finding. The court gave Keeble an opportunity to rebut the inference of obstruction of justice that was available from the existing record, even recognizing evidence that Keeble could have presented to do so, but it did not impermissibly shift the burden of proof onto Keeble.

The judgment of the district court is affirmed.

_____